IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

**GWENDOLYN THOMAS,**            Case No.:

    **Plaintiff(s).**

vs.

**NEWREZ, LLC D/B/A SHELLPOINT MORTGAGE SERVICING, LLC.**

    **Defendant(s).**

_____/

## COMPLAINT FOR RELIEF AND DAMAGES

**COMES NOW,** Plaintiff, **GWENDOLYN THOMAS**, hereinafter referred to as "Plaintiff"), by his undersigned attorney, sues **NEWREZ, LLC. D/B/A SHELLPOINT MORTGAGE SERVICING, LLC.** (hereinafter referred to as "Shellpoint") for her Complaint states as follows:

### PARITES, JURISDICTION, AND VENUE

1. This is an action for injunctive and actual damages stemming from improper servicing of Plaintiff's residential mortgage loan perpetrated by Defendant against Plaintiff that resulted in damages to Plaintiff.

2. This Court has jurisdiction over this dispute because the complaint seeks damages in excess of $30,000.00 dollars, exclusive of interest and attorneys' fees.

3. This Court has jurisdiction over this cause and the venue is proper in Orange County, Florida.

4. Plaintiff, GWENDOLYN THOMAS, is an individual residing in Orange County, Florida.

5. Defendant, NEWREZ, LLC. is a Pennsylvania Limited Liability Company that does business as SHELLPOINT MORTGAGE, LLC. and is authorized to do business in the State of Florida. Defendant SHELLPOINT is a national mortgage lender specializing in the residential real estate market.

6. Jurisdiction and venue are proper in Orange County, Florida as to the fact that Defendant's wrongful conduct occurred in Orange County, Florida and Plaintiff's monetary claims exceed the minimal jurisdictional limit of this Court.

## STATEMENT OF FACTS

7. On or about September 30, 2014, Plaintiff entered into a Residential Mortgage agreement with R P Funding (Please see attached as "**Exhibit A**").

8. On or about March 15, 2016, R P Funding Assigned the mortgage to JPMorgan Chase Bank, National Association (Please see attached as "**Exhibit B**").

9. On or about September 18, 2019, JPMorgan Chase Bank assigned Plaintiff's Mortgage to Newrez, LLC d/b/a Shellpoint Mortgage Servicing. (Please see attached as "**Exhibit C**"). Therefore, Shellpoint is the current holder and mortgage servicer of Plaintiff's loan and is therefore bound by all provisions and contractual obligations set out in the original mortgage.

10. On or about January 29, 2020, Plaintiff received an Annual Escrow Account Disclosure Statement – Account History from Shellpoint which provides the information regarding a new escrow payment as well as a disclosure of anticipated payments and the previous escrow balances. (Please see attached as "**Exhibit D**").

11. The January 29, 2020 Escrow Statement stated that Plaintiff had an escrow shortage of $10,220.85. The statement informed Plaintiff that Shellpoint anticipated the total of Plaintiff's coming year bills to be $49,680.87. Shellpoint then stated that Plaintiff's new escrow payment

was going to be $4,991.81 which brought Plaintiffs required monthly mortgage payment to $5,801.58 effective March 1, 2020.

12. Plaintiff had made every one of her mortgage payments on time up until she received the January 29, 2020 Escrow Statement and was confused as to why her escrow payment went up so high.

13. On or about February 1, 2021, after a year of still making timely payments on her mortgage account while actively trying to fix the discrepancy in the January 29, 2020 Escrow Account Statement, Shellpoint sent the corrected Annual Escrow Account Disclosure Statement. (Please see attached as **"Exhibit E"**).

14. The February 1, 2021, Escrow account statement which shows that Plaintiff had a shortage of $2,997.42, that the estimate of the total for the coming year bills would be $6,038.43 and that her new escrow payment would be $752.99 which brought her required monthly mortgage payment to $1,562.76.

15. When Plaintiff's attorney spoke to a representative of Shellpoint regarding the discrepancy, the representative of Shellpoint explained to Plaintiff that it was an accounting mistake and that the first January 29, 2020 Escrow Account Statement was an error, and that the February 1, 2021 account statement was the statement that should have been sent to Plaintiff originally.

16. The representative further stated that Plaintiff is now behind on her new escrow payments from January 2020 and that this would need to be paid off to bring the account current.

17. During the pendency of this escrow issue, Shellpoint erroneously reported to Plaintiff's credit regarding missed payments in May, June and September of 2020 which has negatively impacted Plaintiff's credit score (Please see attached as **"Exhibit F"**).

18. As the result of Defendant's wrongful and deceitful conduct, Plaintiff has suffered serious and irreparable damages.

## COUNT I – BREACH OF CONTRACT

19. Plaintiff incorporates by reference each preceding paragraph of this Complaint.

20. There existed a valid residential mortgage contract between the parties.

21. Plaintiff did all, or substantially all, of the essential things which the contract required her to do by paying her monthly mortgage payments to Shellpoint.

22. All conditions required by the contract for Shellpoint's performance had occurred.

23. There was a material breach of the contract when Shellpoint erroneously charged the wrong and over inflated escrow amount to Plaintiff, thereby driving her monthly payment up and charging her for money that was not actually due to Shellpoint.

24. Shellpoint's breach of contract caused Plaintiff actual damages and Plaintiff was harmed by the breach of Shellpoint.

WHEREFORE, Plaintiff, GWENDOLYN THOMAS demands relief against Defendant, SHELLPOINT, awarding Plaintiff actual and punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit.

## COUNT II – FLORIDA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT "FDUTPA"

25. Plaintiff incorporates by reference each preceding paragraph of this Complaint.

26. The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") is intended to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce. Florida Statute § 501.202(2). *See also Delgado v. J.W. Courtesy Pontiac GMC-Truck, Inc.,* 693 So.2d 602, 605-06 (Fla. 2d DCA 1997)

27. A deceptive practice is one that is likely to mislead consumers. *Davis v. Powertel, Inc.*, 776 So.2d 971, 974 (Fla. 1st DCA 2000)

28. An unfair practice is "one that 'offends established public policy' and one that is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Samuels v. King Motor Co. of Boca Raton*, 782 So.2d 489, 499 (Fla. 4th DCA 2001) (quoting *Spiegel, Inc. v. Fed. Trade Comm'n*, 540 F.2d 287, 293 (7th Cir.1976)).

29. The conduct of Shellpoint herein complained of was a deceptive or an unfair practice as Shellpoint deceived Plaintiff into believing that she owed more money to her escrow account and to Shellpoint than Plaintiff actually owed.

30. The conduct of Shellpoint caused damaged to Plaintiff's credit score and also caused damage to Plaintiff's mortgage account as she is now behind on payments due to Shellpoint's immoral, unethical, oppressive, unscrupulous or substantially injurious behavior.

31. Plaintiff has suffered actual damages from Shellpoint's immoral, unethical, oppressive, unscrupulous or substantially injurious behavior

WHEREFORE, Plaintiff, GWENDOLYN THOMAS demands relief against Defendant, SHELLPOINT, awarding Plaintiff actual and punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit.

## COUNT III – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

1. Plaintiff incorporates by reference each proceeding paragraph to this Complaint as if fully stated herein.

2. There existed a valid residential mortgage contract between the parties.

3. Plaintiff did all, or substantially all, of the essential things which the contract required her to do by paying her monthly mortgage payments to Shellpoint.

4. All conditions required by the contract for Shellpoint's performance had occurred.

5. There was a material breach of the contract when Shellpoint erroneously charged the wrong and over inflated escrow amount to Plaintiff, thereby driving her monthly payment up and charging her for money that was not actually due to Shellpoint. Shellpoint's actions unfairly interfered with the Plaintiff's receipt of the contract's benefits.

6. Shellpoint's conduct did not comport with the Plaintiff's reasonable contractual expectations under the specific part of the contract regarding escrow and monthly mortgage payments.

7. Shellpoint's breach caused Plaintiff actual damages and Plaintiff was harmed by the breach of Shellpoint.

WHEREFORE, Plaintiff, GWENDOLYN THOMAS demands relief against Defendant, SHELLPOINT, awarding Plaintiff actual and punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit.

### COUNT IV – VIOLATION OF THE FAIR CREDIT REPORTING ACT "FCRA"

8. Plaintiff incorporates by reference each preceding paragraph of this Complaint.

9. The FCRA governs the behavior of consumer reporting agencies (also called credit bureaus) and the businesses or individuals that report information to the consumer reporting agencies (CRAs).

10. Under the FCRA, the consumer's creditor must not supply information to a CRA that it knows (or should know) is inaccurate.

11. Shellpoint willfully and negligently reported to the Credit Report Agency a misstated balance that was due and late payments that were actually paid timely which then caused Plaintiff's credit score to be negatively affected.

12. The willful and negligent wrongful conduct of the Defendant caused actual damages to Plaintiff.

WHEREFORE, Plaintiff, GWENDOLYN THOMAS demands relief against Defendant, SHELLPOINT, awarding Plaintiff actual, statutory and punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit.

## COUNT V – VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT – FLA. STAT. § 559.72 et. Seq

13. Plaintiff incorporates by reference each preceding paragraph of this Complaint.

14. Plaintiff is a consumer as defined by Fla. Stat. § 559.55(9) who own real estate in Florida with a mortgage that is serviced by Defendant.

15. Defendant is considered a "debt collector" within the meaning of the Act.

16. Defendant violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce a debt when Defendant knew that the debt is not legitimate, or asserted the existence of some other legal right when Defendant knows that the right does not exist.

17. Defendant sent false, deceptive and misleading letters to Plaintiff stating that they owed more money to the escrow shortage than was actually owed.

18. Furthermore, Shellpoint attempted to collect a debt that it knew was not legitimate.

19. Shellpoint had no reasonable basis to believe that Plaintiff had failed to comply with a loan contract's requirements prior to sending the false and deceptive letter.

20. Plaintiff suffered damages as a result of Defendant's violation of the FCCPA, including statutory damage per violation.

**WHEREFORE**, Plaintiff, GWENDOLYN THOMAS demands relief against Defendant, NEWREZ, LLC. d/b/a SHELLPOINT MORTGAGE, LLC., awarding Plaintiff actual, statutory and punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit.

Respectfully submitted, this 29th day of March 2021.

**ATTORNEYS JUSTIN CLARK & ASSOCIATES, PLLC**
Attorney for Plaintiff
500 Winderley Place, Suite 100
Maitland, FL 32751
Telephone: 321-282-1055
Facsimile: 321-282-1051
**e-service: notice@youhavepower.com**

By: */s/ Brandon J. Stewart*
Brandon J. Stewart, Esquire
Florida Bar No.: 121114
bstewart@youhavepower.com